**SIGNED THIS: March 01, 2007**

_____
**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANDREW MARTIN BYRD, | ) | Bankruptcy Case No. 06-90849 |
| | ) | |
| Debtor. | ) | |
| | | |
| KERMIT PARSONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 06-9065 |
| | ) | |
| ANDREW M. BYRD, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter having come before the Court on a Motion to Dismiss filed by Defendant, Andrew M. Byrd; the Court, having heard arguments of counsel, having reviewed written memoranda of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.      On August 21, 2006, Debtor/Defendant filed for relief under Chapter 13 of the Bankruptcy Code.

2.      The Debtor/Defendant scheduled the Plaintiff as a creditor having a disputed, unliquidated claim arising out of an altercation in a bar.

3.      On February 14, 2006, the Debtor/Defendant entered a plea of guilty to the charge of battery in which he admitted to "intentionally without justification cause bodily harm to Kermit Parsons, Jr.," in Coles County, Illinois, case No. 2005-CF-389.  Restitution was ordered in the State Court criminal case, and was, subsequently, paid in full by the Debtor/Defendant.

4.      On June 5, 2006, Plaintiff filed a Complaint against the Debtor/Defendant in the Circuit Court of Coles County, Illinois, in Case No. 06-L-30, in which the Plaintiff alleged that the Debtor/Defendant willfully, voluntarily, with malice and with intent to cause great bodily harm, attacked without provocation and caused bodily harm to the Plaintiff.  At the time of the Debtor/Defendant's filing for Chapter 13 bankruptcy relief, the State Court civil case was pending, but no judgment had been entered.  The Plaintiff's State Court civil case has been stayed as a result of the Debtor/Defendant's Chapter 13 bankruptcy filing.

5.      On December 5, 2006, Plaintiff filed the instant Complaint to Determine Dischargeability of Debt seeking a determination that any indebtedness arising as a result of his State Court civil case against the Debtor/Defendant be determined non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(6).

6.      On January 2, 2007, Debtor/Defendant filed his Motion to Dismiss, and a hearing was held on said motion on January 16, 2007, at which time the parties were given an additional 14 days to file any additional written arguments that they deemed appropriate.

Conclusions of Law

The Debtor/Defendant accurately points out in his Motion to Dismiss that the non-dischargeability provisions found under 11 U.S.C. § 523, *et. seq.*, are not applicable in Chapter 13 proceedings.  In order to determine what types of debts are non-dischargeable under Chapter 13, one must look to 11 U.S.C. § 1328(a), which provides four exceptions to dischargeability of a debt in a Chapter 13 proceeding.  The only possible exception that could apply in this case is found at 11 U.S.C. § 1328(a)(4), which states:

> (a)      Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt - . . .
>
> (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

The exceptions to discharge provided under 11 U.S.C. § 1328(a)(4), are new to the Bankruptcy Code, having been added by the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which went into effect in October 2005, as to all cases filed thereafter.  As a result of its fairly recent enactment, the Court has been unable to locate any case law concerning the application of 11 U.S.C. § 1328(a)(4).  However, the section is discussed in two reliable and respected treatises on bankruptcy.  Both of these treatises suggest that new section 1328(a)(4) is worded in the past tense, and, as such, only restitution or damages "awarded" in a civil action against the debtor are potentially non-dischargeable at the completion of payments in a Chapter 13 case.  Thus, a pre-petition award of restitution or damages for willful or malicious injury is a prerequisite to a finding of non-dischargeability under § 1328(a)(4).  Collier on Bankruptcy (15th Edition Revised 2006);

3

Keith M. Lundin, Chapter 13 Bankruptcy (3rd ed. 2000 & Supp. 2006).  Having carefully reviewed the language of § 1328(a)(4) and its limited legislative history, this Court agrees with the interpretation in both Collier and Judge Lundin's Chapter 13 treatise.  Section 1328(a)(4) is clearly worded differently than 11 U.S.C. § 523(a)(6), and, had Congress intended a different meaning, it could easily have worded § 1328(a)(4) to include restitution or damages as being non-dischargeable regardless of the entry of a judgment in a civil proceeding prior to the filing of a Chapter 13 bankruptcy petition.  Given the plain meaning of § 1328(a)(4), the Court must find that the debt of the Plaintiff in the instant case is simply a contingent, unliquidated debt that is allowable in the Debtor's Chapter 13 bankruptcy, and not subject to exception from discharge.

In addition to his argument under § 1328(a)(4), the Plaintiff suggests that the debt in question may also be found to be non-dischargeable under the provisions of 11 U.S.C. § 1328(h).  The Court has reviewed § 1328(h), and finds that it refers to 11 U.S.C. § 522(q)(1), and that section is clearly not applicable in the present case.  As such, the Court finds that it has no choice but to allow the Debtor/Defendant's Motion to Dismiss.

Although the Court finds that it must allow the Debtor/Defendant's Motion to Dismiss under the plain meaning of 11 U.S.C. §§ 1328(a)(4) and 1328(h), the Court would note that a line of case authority appears to have survived the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which holds that creditors having debts of the type described under 11 U.S.C. § 523(a), *et seq.*, may have a basis to challenge the debtor's good faith in seeking confirmation of a Chapter 13 plan pursuant to the provisions of 11 U.S.C. § 1325(a)(3).  Such a potential argument in this case by the Plaintiff is not yet ripe for decision, given that the matter has yet to be set for a confirmation hearing.  Thus, the Court can only rule on the matter presently before it in the instant adversary proceeding.

###